SCHROEDER v. MICHEL, *Appellant.*

1. **Practice:** INSTRUCTIONS. It is the better practice for an instruc-tion assuming to state the facts essential to a recovery to refer to such affirmative defenses as the case may present. But if the nec-essary qualifications appear elsewhere, in a form fairly bringing them to the attention of the jury, as a modification of the other, the judgment will not, on that account, be reversed.

| 98 | 43 |
| --- | --- |
| 49a | 651 |
| 98 | 43 |
| 60a | 689 |
| 98 | 43 |
| 61a | 60 |
| 98 | 43 |
| 70a | 219 |
| 98 | 43 |
| 76a | 489 |
| 77a | 356 |
| 78a | 121. |

| 98 | 43 |
| --- | --- |
| 95a | 5621 |
| 95a | 5622 |
| 99a | 1403 |

2. ———— : ———— : MARRIAGE CONTRACT : LIMITATION. In an action for breach of a marriage contract, an instruction which is otherwise correct will not constitute reversible error because of its omission to present the defense of the statute of limitations, where the jury are told in another instruction that if the limitation has expired before the bringing of the action no recovery can be had.

3. ———— : ———— : ————. An instruction that a breach of promise of marriage is barred in five years from the time a breach of the contract takes place, and that a breach only takes place where defendant refuses to carry out, or disables himself from carrying out his promise, is not open to criticism as establishing defendant's marriage as the only time for the beginning of the period of limitation.

4. ———— : ———— : ———— : LIMITATION. Where the petition and evidence assert a request on the part of the defendant that plaintiff should marry him at such subsequent time as he should ask her to do so, and a promise on her part to comply with the request, and the answer denies any request and promise whatever, the statute of limitations would begin to run from the date of defendant's refusal to marry, whether in a reasonable time or not, and there is no necessity to define what is meant by "a reasonable time."

5. ———— : BREACH OF MARRIAGE CONTRACT : EVIDENCE. In an action for breach of promise to marry, it is not error to allow the plaintiff to testify to the contents of a letter which she claimed the defendant wrote her, and which she voluntarily destroyed, her reason for its destruction being that she was a servant where other girls were employed and feared they might discover it during her absence.

*Appeal from St. Louis City Circuit Court.*—HON. G. W. LUBKE, Judge.

AFFIRMED

*B. Schnurmacher* for appellant.

(1) The first instruction given for plaintiff was erroneous. *Sullivan v. Railroad*, 88 Mo. 169. This is a general instruction, and warrants a recovery for plaintiff, if the jury find the facts upon which it is hypothecated ; but it completely ignores the defense of the statute of limitations set up by answer and in support of which there was ample evidence. The jury may have

believed that the breach occurred more than five years prior to the commencement of suit, but under this instruction they were nevertheless to find for plaintiff. Nor is the defect cured by other instructions. (2) Plaintiff's instruction number 3 was erroneous. It declared in effect to the jury that in this case the statute of limitations did not begin to run until defendant's marriage, which took place in 1884. According to plaintiff's own evidence, no particular time was ever fixed for the marriage. The law construes such a contract to be a promise to marry within a reasonable time. *Cole v. Holliday*, 4 Mo. App. 94; *Blackburn v. Mann*, 85 Ill. 222; *Clark v. Pendleton*, 20 Conn. 495; *Nichols v. Weaver*, 7 Kan. 373; *Puttie v. Deboss*, 1 Starkie, 82. And after a reasonable time elapses the statute of limitations begins to run. *Nichols v. Weaver*, 7 Kan. 373, *supra.* And one year is probably as long as the parties would be allowed to keep each other in suspense. *Nichols v. Weaver, supra.* According to the instruction complained of the promise might have been good indefinitely. (3) The court erred in refusing the instruction offered by defendant, leaving it to the jury to determine from all the evidence and circumstances what constituted a reasonable time for carrying out the alleged promise. This instruction was proper. *Wagenseller v. Simmons*, 97 Pa. St. 465. (4) The court erred in permitting plaintiff to testify concerning the contents of the letter which she claimed was written to her by defendant in 1880, and which she voluntarily destroyed. The rule embodied in the maxim, "*omnia præsumuntur in odium spoliatoris,*" applies. *Pomeroy v. Benton*, 77 Mo. 64, and cas. cit.; *Winona v. Huff*, 11 Minn. 119; *Price v. Tallman*, 1 N. J. L. 447; *Blade v. Noland*, 12 Wend. (N. Y.) 173.

*S. Hermann* for respondent.

(1) It is not essential that an instruction which

undertakes to define the principal rule governing the liability, or right of recovery, shall state all the exceptions to the rule which may arise under the pleadings and the evidence. If these are correctly set forth in one or more separate instructions, it is sufficient. *Wilson Machine Co. v. Railroad*, 71 Mo. 203 ; *Thomas v. Babb*, 45 Mo. 384 ; *Brown v. Ins. Co.*, 68 Mo. 133 ; *Brech v. Railroad*, 64 Mo. 172. (2) The statute of limitations begins to run, not from the date of making, but of breaking, the contract. Where, by the terms of the contract, any act is to be done by either party, or any event is to take place before the contract is to be carried into effect, the statute is not set in motion till the performance of the act or the happening of the event. *Jamison v. Jamison*, 72 Mo. 640 ; *Merlins v. Kiehlmann*, 79 Mo. 412 ; *Brault v. Howard*, 39 Mo. 21 ; *Rabsuhl v. Lack*, 35 Mo. 316 ; *McCollister v. Willey*, 52 Ind. 387 ; *Stanton v. Stanton*, 37 Vt. 411 ; *Wolfe v. Whiteman*, 4 Harr. 246 ; *Leinhard v. Farringer*, 1 Pa. 492. (3) " The question whether the loss of a missing instrument in any given case is sufficiently proved so as to admit secondary evidence of its own contents, is to be determined by the judge trying the cause, and is addressed to his judicial discretion." Such discretion, unless grossly abused, is not subject to revision by the appellate court. *Christy v. Cavanaugh*, 45 Mo. 377 ; *McConey v. Wallace*, 22 Mo. App. 377 ; 1 Greenl. Ev. sec. 558 ; 1 Taylor's Ev., part 2 (Blackst. Co. Ed.) sec. 23 ; *Tobin v. Shaw*, 45 Me. 331 ; *Meyers v. Russell*, 52 Mo. 25.

PER CURIAM.—This action is based on a breach of promise to marry. The defense was a general denial and plea of limitation. At the trial the court gave (among others) the following instructions:

For plaintiff :—

"1. If the jury find and believe from the evidence

Schroeder v. Michel.

that plaintiff and defendant being unmarried, and residing in the city of St. Louis, defendant, during the year 1874, and at various times subsequent thereto, requested plaintiff to marry him as soon as he, defendant, would be enabled to make satisfactory arrangements for the support of a family, and at such time subsequent thereto as he, defendant, would request plaintiff to complete or perform said contract of marriage; and if you further find that plaintiff accepted said offer and agreement and consented to marry defendant when thereto requested, as above stated; and if you further find that plaintiff relied on such promise and agreement and has ever since remained unmarried and willing to marry defendant; and if you further find that prior to any request on the part of defendant to plaintiff to carry out said contract of marriage, defendant married another woman, then the court instructs you that plaintiff is entitled to your verdict.

"3. An action for the breach of promise of marriage is barred in five years from the time a breach of the contract takes place. And a breach only takes place where defendant refuses to carry out or disables himself from carrying out his promise. If therefore you find and believe from the evidence that defendant requested plaintiff to marry him at such time as he should make satisfactory business arrangements and should request plaintiff to carry out the agreement to marry, and plaintiff assented to such arrangement; then the court instructs you that the statute of limitations did not begin to operate against plaintiff until such request was made by defendant, unless you find that defendant married another woman prior to making such request. And plaintiff has five years within which to bring her action from the date of such marriage to another woman or refusal of defendant."

For defendant:—

"6. Even if the jury believe, from the evidence,

that defendant promised to marry plaintiff, yet if you further believe that at a period of time five years prior to the commencement of this action, and a reasonable time for the carrying out of said promise, he refused plaintiff to fulfill said promise, then your verdict should be for defendant.''

The court refused an instruction for defendant of this tenor, viz. :

''7. What constitutes a reasonable time, within the meaning of the foregoing instruction, is to be determined by the jury, from all the evidence and circumstances in the case.''

There was verdict and judgment for plaintiff, from which defendant appealed.

The first point made is that the first instruction for plaintiff, above quoted, is erroneous because it omits from view the defense of limitation. It is undoubtedly a better and more logical practice for every instruction assuming to state the facts necessary to a verdict for plaintiff to refer to such affirmative defenses as the case may present. But whether or not the omission to do so constitutes reversible error will greatly depend on the language of the different instructions in each particular case. If the qualification of the instruction complained of appears elsewhere in a form fairly bringing it to the attention of the jury as a modification of the other, the judgment will not, on that account, be reversed. In the present instance, the instruction number one for plaintiff says nothing of the statute of limitations, but the bearing of instruction number six for defendant as a qualification of it is very plain : ''Even if the jury believe, from the evidence, that defendant promised to marry plaintiff, yet, if you further believe that at a period of time,'' etc. This language could leave no doubt that if the facts named in number six were found, the plaintiff could not recover even if the facts named in number one were also

believed to exist. This objection, therefore, is not sustained.

Instruction number 3 for plaintiff ( above quoted ) is criticized as establishing defendant's marriage as the only time for the beginning of the period of limitation. We think its language does not fairly bear that interpretation. It declares that a breach "takes place where defendant refuses to carry out or disables himself from carrying out his promise." Considering its terms in their entirety, it states the same rule asserted in the instruction asked by defendant, viz., that a refusal by him to carry out the promise would set the statute of limitations in motion for his benefit. The defendant's refused instruction defining a reasonable time raised an entirely immaterial issue. The plaintiff's petition and evidence asserted a marriage promise such as is mentioned in the instruction number one given. She did not claim that the promise was to marry within a reasonable time or to marry generally. The defendant denied any promise whatever. Hence there was no need to define "reasonable time" except as explaining the defendant's own instruction number 6. Even in that connection such definition was unimportant. Defendant's refusal to marry was the important fact which made the statute of limitations operative from the time it occurred, whether within a reasonable time or not. This objection is unfounded.

Another error assigned is the action of the court in permitting plaintiff to testify to the contents of a letter which she claimed defendant wrote her and which she voluntarily destroyed some years after the birth of the incidental infant that aggravates the damage in this case. The reason she gave for its destruction was that, as she was a servant, where other girls were employed, she feared they might discover it among her things during her temporary absence. The majority of the

Barker v. The Hannibal & St. J. Ry. Co.

court regard the admission of this secondary evidence as no error, and RAY, C. J., and BARCLAY, J., (without expressing an opinion on that point) are of opinion that defendant waived the objection by the course of cross-examination on that subject, during which he elicited the same facts he had objected to on her direct examination ; that had he seen fit he could have waived the objection in the first instance, and by the course adopted he should now be held to have abandoned it.

All the members of the court regard the errors assigned as insufficient to warrant a reversal, and accordingly agree to affirm.