DAVID H. HALL, Respondent, v. THE ST. JOSEPH WATER COMPANY, Appellant.

Kansas City Court of Appeals, December 7, 1891, and January 1, 1892.

1. **Practice, Appellate**: FILING REPLY: ATTENTION OF TRIAL COURT. In order to warrant the reversal of a judgment on the ground that the trial court overruled the defendant's objection to the introduction of any evidence on the ground that no reply was filed, it must appear that the attention of the trial court was specifically called to the absence of the reply, and the general objection that on the pleadings defendant should have judgment is not sufficient. The failure to file a reply to the new matter of the answer cannot be taken advantage of on appeal in cases where the cause was tried below, as though the reply had been filed.

2. **Evidence**: PLAINTIFF'S CONDITION TWO YEARS AFTER THE INJURY. Where the evidence tends to show that plaintiff was sound and strong before his injury, and that ever since he had complained of pains in his breast, back, etc., with inability to work, it is not error to admit evidence of a physician giving the condition of plaintiff as shown by an examination made two years after the infliction of the injury, though he was unable absolutely to ascribe the disease to the injury.

3. **Practice, Appellate**: COMMON FAULT: INSTRUCTIONS. Although a plaintiff may not declare upon one cause of action and recover upon another, yet if both plaintiff and defendant by a common fault in their instructions ask the court to submit the same issue to the jury, which it does, the defendant cannot, on appeal, complain of such submission.

Hall v. The St. Joseph Water Co.

4. **Pleading:** SUFFICIENCY OF PETITION : CONTRIBUTORY NEGLIGENCE : DEFENSE. A petition for damages for injuries received from the caving in of a ditch upon the plaintiff is not faulty because it does not allege that the plaintiff was ignorant of the dangerous condition of the ditch, as such allegation only relates to the defense of contributory negligence, which must be alleged and proved by defendant.

5. **Master and Servant:** FELLOW-SERVANT : AUTHORITY TO EMPLOY AND DISCHARGE. It is not necessary in order to constitute a foreman in charge of a gang of men the *alter ego* or vice-principal, that he should have power to employ and discharge ; it is sufficient if he is in charge of the business with full power and authority to command, when, where and how the men should work.

6. **Damages:** EXCESSIVE. In this case when the injuries were liable to prove permanent, and at the trial three years after the injury the plaintiff was still suffering therefrom, $2,500 damages are not deemed excessive.

*Appeal from the Buchanan Circuit Court.*—HON. HENRY M. RAMEY, Judge.

AFFIRMED.

*Spencer, Burns & Mosman,* for appellant.

(1) The court erred in failing to sustain appellant's objection to the introduction of any evidence. (2) The court erred in admitting incompetent evidence. (3) The errors of the court in instructing the jury : *First.* The third instruction given by the court of its own motion allows respondent to recover for the negligent construction of the trench in which he was working. The petition alleges, as the only ground of recovery, the negligent order of appellant in making respondent work in a dangerous place. This is clearly reversible error. *Waldhier v. Railroad,* 71 Mo. 514 ; *Price v. Railroad,* 72 Mo. 414 ; *Buffington v. Railroad,* 64 Mo. 246 ; *Gurley v. Railroad,* 93 Mo. 445. *Second.* The fourth and fifth instructions given of its own motion by the court take from the jury the question

of respondent's contributory negligence, and are, there-- fore, bad. *McDermott v. Railroad*, 87 Mo. 285, 295. (4) Beyond the fact, that on the pleadings the appel- lant was entitled to judgment, the petition itself states no cause of action. There is nothing in the petition from which it can be inferred that respondent did not have all the means of knowledge that appellant had ; nothing from which it can be inferred that any latent defects existed or could exist; nothing from which it can be inferred that any peril, other than that neces- sarily incident to respondent's employment existed. (5) If, for the sake of the argument, it be conceded that the pleadings were in proper form, and that the petition stated a good cause of action, we still maintain that under the evidence a verdict for the appellant should have been directed, because foreman Lewis and respondent were fellow-servants ; because the evi- dence is not sufficient to show foreman Lewis ordered or directed respondent to do the work which resulted in the injury. Respondent's testimony showed a clear case of contributory negligence. *Marshall v. Skinker*, 63 Mo. 308 ; *Stephens v. Railroad*, 86 Mo. 221 ; Wood on Master & Servant, 900 ; McKinney on Fellow-Ser- vants, 134, 145. (6) The damages awarded show such prejudice on the part of the jury as to justify a reversal. We submit that an injury which required but two visits of a physician, and "about two weeks' " ces- sation of labor, and for which only compensation is to be made, when paid for by a verdict of $2,500, is excess- ive to a degree which punitive or exemplary will not aptly describe.

*P. Y. Brinton* and *W. R. Hoffman*, for respondent.

(1) When a cause is tried, as though a reply was filed, it is too late after judgment to raise the objection. *Henslee v. Cannefax*, 49 Mo. 295 ; *Howell v. Reynolds Co.*, 51 Mo. 154 ; *Heath v. Gordon*, 80 Mo. 310 ; *Thomp- son v. Wooldridge*, 102 Mo. 505. (2) It is true that Dr.

Cloud made no examination until May, 1890. But as the extent of the respondent's injuries were in issue it could be no fatal error (if error at all) to permit the doctor to relate the result of his examination. It will be seen from the record that Dr. Cloud testified that respondent was afflicted with pleuritis, and he says that pleuritis may be produced by injury for one thing and cold for another. (3) Furthermore, appellant cannot complain of an instruction when it submits a certain issue to the jury, which is submitted by his own instruction, although the objection might otherwise be valid and well taken. There can be no question that the two instructions are submitting the same issue. *Vinegar Co. v. Guggemos*, 98 Mo. 392; *State v. Hope*, 100 Mo. 354. The instructions must be taken together as a whole and not singly, and if an instruction, when taken alone, is erroneous, it may be cured by other instructions given on the part of the other side. We think that the second instruction given on the part of appellant fairly submits the question of contributory negligence. *Owens v. Railroad*, 95 Mo. 169; *Dougherty v. Railroad*, 97 Mo. 647; *Ridenhour v. Cable Co.*, 102 Mo. 270. (4) The petition states facts sufficient to constitute a cause of action. It is not necessary that plaintiff should allege that he did not know of the dangerous condition of the walls of the ditch he was ordered to work in. *Hall v. Railroad*, 74 Mo. 298; *Hurst v. City of Ash Grove*, 96 Mo. 168; *Young v. Iron Co.*, 103 Mo. 324. (5) There was evidence, as will appear from the record that Lewis had the right to take men and work them where he pleased, and if they refused to go where they were so ordered they did it at their peril. Therefore, respondent and Lewis were not fellow-servants. *McDermott v. Railroad*, 87 Mo. 285; *Cox v. Granite Co.*, 39 Mo. App. 424. (6) From the evidence of Dr. Cloud it will be seen that respondent is afflicted with an incurable disease; that he has not been able to support his family since the accident. As

respondent cannot now do a whole day's work, and his occupation is that of a farmer, we think that $2,500 is certainly very reasonable in the premises.

GILL, J.—The plaintiff sued the defendant on account of personal injuries received by him while working in a deep ditch or trench then being dug by the defendant. The plaintiff was one of the gang of laborers employed by the water company in excavating at the defendant's reservoir. The action is based on the alleged negligence of defendant in so digging the trench that its sides were dangerously steep and unprotected, and that plaintiff was negligently ordered to enter the ditch, and while working there under the direction of the foreman the said walls fell in, and upon him, so that he received serious personal injuries. Plaintiff had a verdict and judgment in the lower court for $2,500, and defendant appealed.

I.    The first point we are called on to decide is, whether or not the trial court erred in failing to sustain defendant's objection to the introduction of any evidence. It seems that defendant's answer, in addition to a general denial, attempted at least to interpose the plea of contributory negligence by alleging "that, if plaintiff suffered any damages at all, it was on account of his own negligence directly contributing thereto." No reply was filed, and when the jury was sworn and the first witness for the plaintiff was put on the stand, defendant's counsel objected to the introduction of any evidence, stating as his reasons: " *First*, because on the pleadings defendant should have judgment; and, *second*, because the petition does not state facts sufficient to constitute a cause of action," etc. The objection was overruled and defendant saved exceptions. The attention of the court was not specifically called to the absence of the reply; nothing, whatever, was said or intimated at the time that this objection to the introduction of any evidence was based on plaintiff's omission to file the

reply. Not only was this matter of objection studiously concealed, but the express attack on the petition would naturally tend to withdraw any attention from the plaintiff's omission to file a reply. More than this, the trial of the cause proceeded, and evidence on both sides, for and against contributory negligence, was introduced without objection—just as if a reply in fact had been filed. The first notice of this failure of plaintiff to reply to defendant's answer occurs in the motion for a new trial. Under the circumstances of this case defendant cannot profit by this mistake or careless omission of plaintiff's counsel. It has been repeatedly held by the appellate courts of this state, that the failure to file a reply to the new matter of the answer cannot be taken advantage of on appeal in cases where the cause was tried below, as though the reply had been filed. *Thompson v. Wooldridge*, 102 Mo. 510, and cases cited.

II. The next error assigned relates to the testimony of Dr. Cloud, a physician who examined the plaintiff's condition more than two years after the accident. Over defendant's objection the doctor was permitted to testify as to Hall's physical condition at the time he examined him. He gave it as his professional opinion, in effect, that plaintiff was then affected with a case of chronic *pleuritis ;* that he had no means of knowing what produced this inflammation of the pleura, but that it might have resulted either from cold or personal injury, etc., and that, in the case of this plaintiff, the disease was incurable. Defendant's objection to this testimony seems to rest on the fact that the doctor was unable absolutely to ascribe the disease to the injury received by plaintiff in the ditch. We think there is no merit in this objection. Plaintiff and other witnesses for him testified that he was a sound and strong man before the accident, and had complained ever since of these pains in his breast, back, etc., and had been unable to engage in hard work as before. The evidence

of these witnesses and this physician all tended to prove serious injuries and bodily suffering as a result of the burial in the trench.

III. The next complaint in order of counsel's brief is, that the court, by its instruction, numbered 3, confined its case to the alleged negligence of defendant in the manner of the construction of the trench, whereas, it is claimed, the petition bases the right to recover alone on the negligent order of defendant commanding and requiring plaintiff to work in a dangerous place. The rule, it is true, is well settled, that plaintiff will not be permitted to allege one cause of action and recover on another. He will not be allowed to give notice through his petition or complaint of one default or careless act, and at the trial prove another. The authorities cited by defendant's counsel fully sustain this reasonable rule. But here is quite a different case. The petition complains of both a careless construction and dangerous condition of the trench, as well as the negligently ordering the plaintiff to work therein. So, too, when all the court's instructions are read together as one charge, there was no chance for confusion or misunderstanding on the part of the jury. They were clearly advised to the effect, that if the walls of the trench were so constructed and maintained as to be in a dangerous and unsafe condition, and that defendant knew or might have known thereof by the exercise of ordinary care in time to have corrected the defect and have avoided injury to the plaintiff, but failed to do so, and if the plaintiff in pursuance of defendant's orders entered into said ditch, and was injured without any fault or negligence on his part, the plaintiff was entitled to recover. The instruction complained of, when read in connection with others given, leaves no room to question the correctness of the court's charge to the jury, and that point, therefore, must be ruled against defendant. *Foster Vinegar Co. v. Guggemos*, 98 Mo. 397.

Hall v. The St. Joseph Water Co.

My associates, however, do not agree with me as to the proper construction of the petition. In their opinion the *gravamen* of the petition is to charge alone negligence in ordering the plaintiff into an unsafe place, which defendant knew to be unsafe. But we all agree that, however this may be, the defendant is in no condition to complain of the instructions submitting an issue as to the dangerous construction of the trench to the jury, since, at its request, the court submitted the same issue, as is shown by defendant's instruction, numbered 5. This error then (if error it was), being common to the instructions of both parties, cannot now be made the ground of complaint by either party. The matter thus clearly falls within the principle of the maxim, " *Communis error facit jus.*" Those remarks are made in face of the assertion by defendant's counsel, in reply brief, to the effect that defendant did not ask the trial court to give said instruction, numbered 5. The record, fully considered, shows it otherwise. Defendant requested the trial judge to instruct the jury as follows : "5. The court instructs the jury, that if they find from the evidence, that the work in digging the trench described in the evidence was done in an ordinary careful and prudent manner, then they must find for defendant, and the mere fact that the walls fell is not sufficient to charge defendant with negligence in their construction."

Now the court gave this instruction with the interlineation of these words (just following "prudent manner"), to-wit, "and that an ordinarily prudent man would not have thought it necessary to support the walls under the circumstances," and it was this *interlineation* alone that defendant's counsel complained of as is shown in the fourth ground assigned in the motion for a new trial. It is, therefore, clear that the substance of this fifth instruction is just as it was requested by the defendant.

IV.   Defendant's counsel in their fourth assignment of error object to the sufficiency of the petition in that it fails to state that plaintiff was ignorant of the dangerous condition of the trench.   Clearly this was not a defect.   Such an allegation only relates to the defense of contributory negligence, and such matter is strictly that of defense which must be alleged and proved by defendant.   Plaintiff was not called upon to negative this matter in his petition.   This is too clear to require further comment.   *Young v. Iron Co.*, 103 Mo. 328.

V.   It is scarcely necessary to spend time in discussing the question as to whether or not this case ought to have gone to the jury.   We have carefully read and considered all the evidence as set out in this record, and find there was ample to justify the finding in plaintiff's favor on every material allegation of the petition, and we cannot, therefore, disturb the judgment on that account.   The foreman Lewis, who ordered plaintiff into the place of danger, was clearly not the fellow-servant of plaintiff, but occupied the position of vice-principal.   He was there in charge of the business of defendant corporation, with full power and authority to command when, where and how this plaintiff and others of the gang should work.   That he, Lewis, had no authority to employ and discharge the men, did not destroy his situation as the *alter ego* of the master. This is not the test under the decisions in this state. *Moore v. Railroad*, 85 Mo. 588–593; *Murray v. Railroad*, 98 Mo. 575 ; *Cox v. Granite Co.*, 39 Mo. App. 429.

VI.   The complaint that the damages awarded by the jury ( $2,500 ) are excessive, we think is likewise without merit.   From this testimony the jury might reasonably find that plaintiff will never recover from the injuries received.   A large mass of earth fell from the top of the trench, a distance of eighteen or twenty feet, onto the plaintiff, covering him to such an extent that it required from fifteen to thirty minutes to relieve him.

Hall v. The St. Joseph Water Co.

Indeed, an associate in the trench was killed by the caving of the earth upon him.   The evidence tended to prove that, when the cause was tried three years after the accident, plaintiff was still suffering from the results of his injuries, and the physician, Dr. Cloud, gave it as his opinion that he never would recover. .

The judgment must be affirmed.   All concur.

# CASES DETERMINED

## BY THE

# ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS.

### MARCH TERM, 1892.