August Lemser, Respondent, v. St. Joseph Furniture Manufacturing Company, Appellant.

### Kansas City Court of Appeals, April 5, 1897.

1. **Personal Injury:** NONEXCESSIVE VERDICT: LOST EYE. The verdict for $2,000 for the practical loss of an eye to a young man is not regarded excessive.

2. **Negligence:** PLEADING: PETITION: CAUSE OF INJURY. While the petition may be technically erroneous in failing to allege the negligent omission to protect a saw in a furniture shop, which is the cause of a plaintiff's injury, yet, since the defendant at no stage of the case made any such objection, it is too late in the appellate court to complain of it.

3. **Trial Practice:** INSTRUCTIONS: CAUSE OF INJURY. Though plaintiff's instructions be defective in not requiring the jury to find that the unguarded saw was the cause of the injury complained of, yet, where the defendant's instruction expressly made that requirement, the defect is cured.

4. **Master and Servant**: NEGLIGENCE: INSTRUCTIONS. Instructions relating to the duty of the master to know the danger of an unguarded saw and for his foreman to know such danger and warn an inexperienced laborer thereof, and as to what would constitute contributory negligence on the part of such laborer, are examined and approved as well as the action of the court in refusing the instruction relating to duty of the foreman to advise of the danger.

5. ———: SAFE APPLIANCE: INSTRUCTION: APPELLATE PRACTICE. Though a point raised in a reply brief, and, therefore, not made in the assignment of errors, is strictly not entitled to consideration in the appellate court, yet a modified instruction holding that defendant was obliged to provide such guards as were well known appliances for the protection of operators of saws, like the one in question, is examined and *held* a proper expression of the law.

*Appeal from the Buchanan Circuit Court.*—Hon. H. M. Ramey, Judge.

Affirmed.

*Brown & Pratt* for appellant.

(1) The plaintiff relies for recovery solely on the ground that the defendant negligently operated the saw in question without any guard or wedge. The petition not only fails to state that the accident occurred on account of this omission, but the plaintiff's first instruction tells the jury, in substance, that if a wedge or guard should have been used, and was not, and a block was struck by the saw, and thrown against plaintiff, injuring him, they should find for plaintiff. It leaves out of consideration the question whether the accident resulted from the omission. It is an essential ingredient in actionable negligence that it must have been the cause of the injury. Whitaker's Smith on Negligence, p. 1; Cooley on Torts, p. 630; *Heaven v. Tender*, 11 Q. B. D. 503–507; *Brown v. R. R.*, 49 Mich. 153. And this causal connection must be both pleaded and proven and the burden is upon the plaintiff to prove it. *Mathison v. Mayer*, 9 Mo. 585; *Breen v. Cooperage Co.*,

50 Mo. App. 202–212; *Hicks v. R. R.*, 46 Mo. App. 304–309; *Stanley v. Depot Co.*, 114 Mo. 606; *Kain v. R. R.*, 29 Mo. App. 53; *Christy v. Hughes*, 24 Mo. App. 275; *Clark v. Fairley*, 24 Mo. App. 429; *Hudson v. R. R.*, 32 Mo. App. 668. (2) The law is that to authorize a recovery in this case on the ground that the defendant omitted to provide a guard or wedge for the heel of the saw, the burden was on the plaintiff to show that such omission constituted a failure to exercise that degree of care which ordinarily prudent men exercise in like circumstances, for the protection of those using such machines, and that the machine is not reasonably safe without it. *Frill v. R'y*, 115 Mo. 503; *Bahn v. R'y*, 106 Mo. 429; *Berning v. Medart*, 56 Mo. App. 443; *R'y v. Hudson*, 101 Pa. St. 1; *Delaware, etc., Works v. Nutall*, 119 Pa. St. 149; *R. R. v. Allen*, 78 Ala. 494; *Morris v. Gleason*, 1 Ill. App. 510; *Titus v. R. R.*, 136 Pa. St. 618; *R. R. v. McDade*, 135 U. S. 554; *Mfg. Co. v. McCormick*, 118 Pa. St. 519; *Dougan v. Transportation Co.*, 56 N. Y. 1; *Loftus v. Ferry Co.*, 84 N. Y. 455; *Burke v. Witherbee*, 98 N. Y. 562; *Lafflin v. R'y*, 106 N. Y. 136; *Jacobson v. Cornelius*, 52 Hun, 377. Plaintiff has, on the contrary, proven by his own testimony that although such an appliance is known, it is rarely used by competent and skillful persons, and that the machine is reasonably safe without it. (3) The petition, as one of its grounds for recovery, sets up that the defendant failed to instruct plaintiff with respect to the dangerous character of the machine and its use, and evidence was especially directed to that point. There is no pretense that the accident resulted from such failure, and the court should have instructed the jury as requested by the defendant, that there was no evidence to that effect. It is not claimed that he was injured by the improper use of the machine as it was, but in consequence of its having been in a defective

condition. (4) Plaintiff's second instruction tells the jury that it is negligence in defendant to fail to provide anything in general use, which would lessen the danger of running the saw. This is not the law. *Bahn v. R. R.*, 106 Mo. 429; *Berning v. Medart*, 56 Mo. App. 443; *Higgins v. R'y*, 43 Mo. App. 547; *Wood v. Heighs*, 34 Md. App. 872. The injury in question was a pure accident as defined in *Berning v. Medart, supra*. (5) Plaintiff's fifth instruction tells the jury that if the operation of the saw in the condition it was in was dangerous and plaintiff was unskilled in its use, and the danger was not apparent to him, it was the duty of the defendant to notify him of the danger. This is not the law. This accident may have developed the fact that there was danger. It was the duty of the defendant to notify plaintiff of those dangers which it knew or by the exercise of reasonable care and skill would have known, and which were not apparent to a man of ordinary intelligence and prudence. *Morris v. Gleason*, 1 Ill. App. 130; *Pratt v. Prouty*, 153 Mass. 334; *Finkham v. Sawyer*, 153 Mass. 485. And in this case the burden was upon the plaintiff to show that defendant knew he was not competent to understand the danger incident to the use of the machine, and there is no evidence in the record of such knowledge. *Works v. Juteau*, 40 N. E. Rep. 818. (6) The verdict is excessive. The plaintiff is not in any way disfigured, his injury is curable by an ordinary and simple operation, and it has not in any way affected his ability to earn a living.

*Samuel S. Shull* for respondent.

(1) The petition sufficiently pleads the causal connection between appellant's negligence and the injury complained of. It certainly bears upon its face the

idea that the injury resulted from the omission of the appliances to cover the saw. *Young v. Iron Co.*, 103 Mo. 327; *Shaw v. R'y*, 104 Mo. 656; *Wills v. R'y*, 44 Mo. App. 53; *Elfrank v. Seiler*, 54 Mo. 134; *Hudson v. R'y*, 32 Mo. App. 673; *Benham v. Taylor*, 66 Mo. App. 311; *Foster v. R'y*, 115 Mo. 165. (2) It is a rule of pleading that facts that are necessarily implied from the direct averments in a pleading will be deemed as having been directly averred, and this is especially true where the point is raised for the first time after verdict and in the appellate court. *Weaver v. Harlan*, 48 Mo. App. 523; *Grove v. City of Kansas*, 75 Mo. 674; *Dillon v. Hunt*, 82 Mo. 150; *Eans v. Bank*, 79 Mo. 182; *Foster v. R'y*, 115 Mo. 176; *Condon v. R. R.*, 78 Mo. 572; *State ex rel. v. Webster*, 53 Mo. 135; *Bowie v. Kansas City*, 51 Mo. 461; *Shaler v. Van Wormer*, 33 Mo. 386; *Edmonson v. Phillips*, 73 Mo. 59. (3) Even if the objection would have been sound and well taken in a proper case, the appellant is in no position to urge the same in this court. Both parties tried the case three times below without raising such point, and upon the theory that the causal connection was pleaded sufficiently. There was no objection to any testimony on that ground—plaintiff's witnesses were cross-examined on that point. Defendant's witnesses were introduced upon that issue the same as if it were ever so well pleaded, and defendant's instructions specifically present that issue to the jury. Even if these instructions were error, and even if the case was tried on the wrong theory below, both parties have adopted the error and can not now complain. *Hilz v. Railroad*, 101 Mo. 38; *Johnson-Brinkman Co. v. Bank*, 116 Mo. 558; *Whetstone v. Shaw*, 70 Mo. 575; *Walker v. Owen*, 79 Mo. 586; *Bank v. Hammerslough*, 72 Mo. 274; *Drennon v. Dalincourt*, 56 Mo. App. 128; *Hall v. Water Co.*, 48 Mo. App. 356; *Garst v. Good*, 50

Mo. App. 149; *Hardwick v. Cox*, 50 Mo. App. 509; *McDonald & Co. v. Cash*, 45 Mo. App. 66; *Davis v. Brown*, 67 Mo. 313; *Betts v. Magoon*, 85 Mo. 580; *Gates v. R'y*, 44 Mo. App. 495; *Herman v. Owen*, 42 Mo. App. 388; *White v. Mfg. Co.*, 53 Mo. App. 337; *Crutchfield v. R'y*, 64 Mo. 255; *McGonigle v. Daugherty*, 71 Mo. 259; *Donaldson v. Butler Co.*, 98 Mo. 66; *Young v. Shickle*, 103 Mo. 327; *Elfrank v. Seiler*, 54 Mo. 134; *Johnson v. R'y*, 96 Mo. 344, 346. (4) And appellant can not complain of the first instruction for respondent. It is the law as applicable to this case. *Nichols v. Plate Glass Co.*, 126 Mo. 55; *O'Melia v. R'y*, 115 Mo. 205; *Huhn v. R'y*, 92 Mo. 440; *Beard v. Car Co.*, 63 Mo. App. 382; *Flynn v. R'y*, 78 Mo. 197; *Siela v. R'y*, 82 Mo. 430; *Covey v. R'y*, 86 Mo. 641; *Fogus v. R'y*, 50 Mo. App. 250; *Hamilton v. Mining Co.*, 108 Mo. 373; *Devlin v. R. R.*, 87 Mo. 545; *Porter v. R'y*, 71 Mo. 66. Appellant asked the court to give its instruction number 3 and the court did give the same, which fully and squarely put before the jury the issue whether "the accident would have happened but for the omission of defendant to furnish a guard or wedge as described in evidence for saw." *Benham v. Taylor*, 66 Mo. App. 314; *Haver v. Schwyhart*, 48 Mo. App. 53; *Deweese v. Mining Co.*, 54 Mo. App. 476; *Shortel v. City of St. Joseph*, 104 Mo. 118; *Schroeder v. Michel*, 98 Mo. 43; *Kingman & Co. v. Shawley*, 61 Mo. App. 60; *Hardwick v. Cox*, 50 Mo. App. 513; *Deweese v. Mining Co.*, 128 Mo. 423. (5) That the instructions given for plaintiff (to which we will add defendant's number 3) are the law of this case finds abundant support in the following cases. *Halliburton v. R'y*, 58 Mo. App. 27; *Huhn v. R'y*, 92 Mo. 440; *Beard v. Car Co.*, 63 Mo. App. 382; *Fogus v. R'y*, 50 Mo. App. 250; *Hamilton v. Mining Co.*, 108 Mo. 373; *Monahan v. Coal Co.*, 58 Mo. App. 68; *Goodson v. R. R.*, 23 Mo. App.

76; *State v. Pace*, 34 Mo. App. 458; *Nichols v. Nichols*, 39 Mo. App. 291; *Deering v. Collins*, 38 Mo. App. 80; *Foster v. Trimble*, 18 Mo. App. 394; *Calvert v. Bates*, 44 Mo. App. 626; *Bank v. Davidson*, 40 Mo. App. 421; *Aultman v. Smith*, 52 Mo. App. 354; *Trimble v. Woolman*, 62 Mo. App. 548; rule 15 of this court. (6) The defendant impliedly contracted to furnish suitable machinery and appliances for plaintiff to work with—that it is bound to do. *Higgins v. R'y*, 43 Mo. App. 552; *Moore v. R. R.*, 85 Mo. 588; Wood on Master and Servant, secs. 327–329; *Flynn v. R. R.*, 78 Mo. 195; *Malone v. Martin*, 84 Mo. 436; *Devlin v. R. R.*, 87 Mo. 545; Bailey on Master and Servant, 159. (7) This court will not reverse on the ground of harmless or non-prejudicial error. *Callahan v. Morse*, 37 Mo. App. 189; *Conrad v. Fisher*, 37 Mo. App. 352; *Straat v. Hayward*, 37 Mo. App. 585; *Conrads v. Spink*, 38 Mo. App. 309; *State v. Crowder*, 40 Mo. App. 536; *Erwin v. Ins. Co.*, 24 Mo. App. 145; *Valle v. Picton*, 91 Mo. 207; *Gordon v. Eans*, 97 Mo. 587; *Mfg. Co. v. Mitchell*, 38 Mo. App. 321; *Torpey v. City of Independence*, 24 Mo. App. 288; *Frizzelle v. Paint Co.*, 24 Mo. App. 529; *Pritchard v. Hewett*, 91 Mo. 550; *Gregory v. Chambers*, 78 Mo. 294; *Morris v. R. R.*, 79 Mo. 367.

GILL, J.—The plaintiff sued the defendant and recovered a judgment for $2,000, because of personal injuries received while operating one of the circular saws in defendant's furniture factory.

At the time of the injury plaintiff, who was then a young man of twenty-two years of age, was employed about the factory as a kind of "roustabout," carrying lumber, furniture, etc., and had no experience whatever in working the saws. On that day, however, the foreman put the plaintiff to work in operating STATEMENT. one of these circular saws which was

so set in a table about four feet square that the top of the saw came up through a slot in the table and projected above the plane or surface of table about two inches. The saw was fourteen inches in diameter and was run by steam power at about three thousand revolutions per minute. The saw table was about four inches lower at the end farthest from the sawyer (called the back end of the table) to enable the blocks to pass freely down the incline and fall off the table.

The jar of the machinery caused the blocks that were cut off to move down the table, and they had a tendency, according to the evidence, to come in contact with the teeth at the back edge of the saw. A block did, in this case, come in contact with the teeth at back edge of saw and was knocked into plaintiff's eye practically destroying the sight. Plaintiff's witnesses testified that there is a tendency of blocks on such a saw and table as plaintiff was using, to come in contact with the teeth of the saw and be picked up by the teeth thereof and thrown forward against the sawyer. This was particularly the case in sawing these small pieces. That the suction caused by the saw running through the slot in the table will to some extent lift a *small* block and assist it to get into the saw teeth.

The particular negligence charged on defendant, and relied on by the plaintiff, was its failure to provide this saw with proper guards to protect the workmen while engaged in operating the same, as also the negligence of defendant's foreman in failing to warn plaintiff of the dangers attending the use of the machine. There was evidence tending to prove the existence of two appliances in general use in the operation of such saws as this one, to wit: A board suspended over the machine and immediately in front of the sawyer, so as to protect him from the flying blocks, sawdust and the like, and the other a wedge-shaped piece of wood so ad-

Lemser v. Mfg. Co.

justed to the table and extending over the teeth of the saw at the back end of the table, that the blocks would be carried away from the teeth and they be so covered that the blocks would not catch onto the same. It is conceded that the machine in question had neither of such appliances.

The matters complained of and urged by defendant's counsel as reasons for reversal relate almost entirely to the instructions given, modified, and refused. Something is said as to the sufficiency of PERSONAL injury: nonexcessive verdict: lost eye. the evidence to support the verdict, and that the damages awarded are excessive, but these latter objections are so utterly without merit that we shall give them little space in this opinion. The evidence tends to prove the facts set out in the foregoing statement: that the machine was not provided with such protection and guards as it should have been; that defendant did not in this respect act as an ordinarily prudent and careful employer would be supposed to under similar circumstances, and that by reason of all this plaintiff was injured. And as to the amount of damages, it is sufficient to say that defendant did not make this as one of the grounds in the motion for new trial. But even if there complained of, we are not authorized from the showing made here to disturb the judgment on that account. The plaintiff was in person before the court and jury and they were much better informed than we as to the extent of injuries inflicted. From this record, however, it would seem that plaintiff's injuries are of a most serious character. We are not prepared to say, conceding defendant at fault, that $2,000 is excessive damages for the practical loss of an eye to this young man and the pain and mental anguish that probably followed therefrom.

The first point made in defendant's brief relates to an alleged defect common to the petition and plaintiff's first instruction, in that the one failed to allege, and the other failed to mention, as an ingredient essential to plaintiff's right of recovery, that the negligent omission of defendant to protect the saw in one or both of the usual means *was the cause of the plaintiff's injury.* As to the petition, it may be conceded that it was not as perfect in that respect as it should have been; yet, since the defendant at no stage of the case made any such objection as that now urged, since the cause was tried and evidence adduced without objection tending to prove all the features necessary to make plaintiff's case, it is now too late to bring forward an objection so technical as that complained of. *Hall v. Water Co.,* 48 Mo. App. 356; *Lynch v. R. R.,* 111 Mo. 601.

<span style="margin-left:2em">NEGLIGENCE: pleading: petition: cause of injury.</span>

And while plaintiff's first instruction did not, as clearly as it ought, perhaps, tell the jury that to justify a recovery it should appear from the evidence that defendant's failure to guard or protect the saw was *the cause of the injury*, yet this omission was entirely cured by another instruction given at defendant's request. In defendant's instruction number 3 the jury were expressly told that before they could find for the plaintiff "they must believe from the evidence not only that at the time of the accident the saw in evidence was being run without a guard or wedge, as described in evidence," but also *"that the accident would not have happened but for such omission,"* etc. The mere omission in one instruction will not be regarded as reversible error if another instruction cures it. "If the qualification of the instruction complained of appears elsewhere in a form fairly bringing it to the attention of the jury as a modification of the other, the judgment will not on that account be

<span style="margin-left:2em">TRIAL practice: instructions: cause of injury.</span>

reversed." *Schroeder v. Michel*, 98 Mo. 43. "The instructions are to be taken as a whole, are so taken by men of common understanding, and can be understood in no other way." *Owens v. Railway*, 95 Mo. 169. This is not a case of *conflict* in instructions, but at most an instance of a mere omission in one instruction which is manifestly remedied by the direct charge of the court in another instruction. And when these instructions are all read and considered, as one series, there was scarcely a possibility for misunderstanding by the jury.

We fail also to see any substantial objections to plaintiff's instructions 2 and 5. If the saw was dangerous to operate unless guarded and protected in the usual manner as the witnesses testified and defendant knew this or might have so known by the exercise of ordinary care, then it was the duty of the defendant to use these appliances, and a failure so to do was negligence.

MASTER and servant: negligence: instructions.

And further, if the machine was in such dangerous condition and unsafe to handle, and defendant's foreman knew of this, or could with reasonable care have known thereof, then, since the plaintiff was, to such foreman's knowledge, unskilled in such work, and the dangers were not obvious, it was such foreman's duty to warn the plaintiff so that he might be on guard to protect himself. And if plaintiff did not know and was not advised of the unsafe condition of the saw, and if the danger was not obvious to one unskilled as he was and he was not warned of the danger encountered in its use when ordered to do so, then he was not guilty of such contributory negligence as would preclude his recovery. These instructions, when read in connection with plaintiff's number 1, to which there was express reference, in effect so declared the law and were therefore not objectionable.

The court also properly refused to give defendant's

Lemser v. Mfg. Co.

instruction numbered 2. There *was* evidence tending to prove that defendant's foreman failed to advise plaintiff of the dangers attending the use of the machine, unguarded as it was. Indeed, the testimony tends to show that the foreman in effect assured the plaintiff that it was all right, and directed him to proceed in its use. And it may be, too, that if plaintiff had been warned in advance he could have avoided the injury; in which event then it might be well said that the failure to advise the plaintiff was to an extent the cause of the damage.

Defendant's counsel have in their printed reply argument suggested for the first time an objection to ——: safe appli- the courts' modification of its instruction ance: instruc- numbered 6. This is a matter entirely out-tion: appellate practice. side of defendant's assignment of errors— or rather beyond the points made in the original brief which is to be taken as the assignment of errors—and it is not therefore entitled by strict rule to be heard thereon. We have examined the matter, however, and find the court's modification so unimportant that the objection seems trivial. When this instruction is read entire it clearly tells the jury that defendant was obliged to provide such guards, etc., as were well known appliances used for the protection of the operators of the saws in question. This being so, the criticism of the instruction as modified proves groundless.

A careful review of the entire record discloses no substantial error, and the judgment will therefore be affirmed. All concur.