# THE STATE OF MISSOURI vs. THOMAS SHIELDS, Appellant.

1. In discrediting a witness, a party is not restricted to inquiries into his character for truth, the inquiry may extend to his moral character generally.
2. For the purpose of discrediting a witness, a party may inquire as to her general character for chastity.

### APPEAL FROM ST. LOUIS CRIMINAL COURT.

HALL for appellant.

1. Evidence of general bad character of a witness is competent to impeace him. The court therefore, erred in refusing to allow the enquiry to be made of Ferguson, a witness of the State.

1 Hill 251 ; 2 Cowen and Hill 767; Wike vs. Lightner 11 S. and R. 199; Evans vs. Smith, 5 Monroe 363.

2. Evidence of the bad character of a witness for chastity, is also admissible in impeachment of such witness. Evans vs. Smith, 5 Monroe 363.

3. It was error in the court to refuse to tell the jury that the defendant had a right to go to the house of Mrs. King, for the peacable purpose of seeking an explanation of the maltreatment of his family; though not a jurisdiction of an assault, if one was made, yet if an assault was not the purpose of going there; and the assault grew out of bad blood afterwards engendered, it much mitigates the offence.

4. The court did wrong in excluding the evidence of the threats made subsequent to the assault, after it had allowed the State to enquire minutely, into them on cross examination. The State takes the chance of finding in closer enquiry, something for its advantage. When it has done so and meets only with disappointment, it cannot then denounce and exclude it. It elects to take it when it seems probable it may be advantageous, but rejects that election as soon as it proves otherwise.

LACKLAND for the State.

The court did not err in sustaining the objection to the first question asked the witness Ferguson. The question was too vague under the circumstances of this case, the defendant had no right to call the character of Mary King in question upon any subjects except two.

1st. The defendant might inquire into her general character for truth and veracity, to show how much faith and confidence the jury ought to extend to her.

2nd. The defendant might inquire into her general character for peace and quietude, as bearing upon the question of provocation. The question was bad, because it was not sufficiently specified towards these subjects.

The court did not err in sustaining the objection to the second question asked Ferguson, as to the general character of the witness Mary King, for chastity. Because her chastity was entirely foreign from the issue, and therefore the question was irrelevant.

The court did not err in giving the instruction for the State. It was for the purpose of excluding the matters testified to, by Elizabeth Hall, which took place long after the assault and battery, and had nothing to do with it whatever.

The court did not err in refusing the instruction asked for by defendant, because admitting for the sake of argument it contains good law, it is entirely inapplicable to this case.

NAPTON, J., delivered the opinion of the court.

Shields was prosecuted before a justice of the peace for an assault and battery, upon one Mary A. King, and being convicted and fined, appealed to the criminal court.

Upon the trial before the criminal court, the principal witness for the prosecution was Mary A. King. And upon the cross examination of another witness for the prosecution, the witness was asked by the defence. "Do you know the general character of Mary A. King, the prosecuting witness?" This question was objected to, and the objection sustained. The witness was then asked, if he knew her general character for chastity, and this question was also excluded.

It seems to be the better, and more settled opinion, in discrediting a witness, a party is not restricted to inquiries into the character of that witness for veracity. A bad moral character generally, or a depravity not necessarily allied to a want of truth, may yet to some extent shake the credibility of a witness, and therefore, is a fair subject of investigation. The questions propounded in this case were proper, although they must necessarily, to have had any sensible impression upon the case, been followed by others eliciting the opinion of the witness upon the effect which the general or specific moral depravity spoken of, had upon the credibility of the witness attacked. The entire exclusion of the questions seems to have proceeded upon the ground that general bad character was inadmissible, unless it was a general bad character, for truth and veracity. The judgment must be reversed and the cause remanded.

