State v. Breeden.

STATE OF MISSOURI, Respondent, *vs.* MARTIN BREEDEN, Appellant.

1. *Practice, civil—Trials—Instructions, commenting on evidence improper.*—Instructions, which comment on the evidence or direct attention to the improbability of a particular part of it, are improper. The improbabilities or contradictions in the statements of witnesses are matters for the consideration of the jury.

2. *Witnesses—Impeachment—Moral character may be inquired into.*—In order to discredit a witness, the inquiry need not be confined to his veracity alone, but may properly be extended to his general moral character.

3. *Witnesses—Credibility—Conspiracy—Motives.*—The spirit, which animates a witness, is always a proper subject for inquiry, in order that the jury may place a proper estimate upon the value and importance of his testimony. And the formation of a conspiracy against a party, on the part of witnesses, may be properly shown on the examination.

*Appeal from Jasper Circuit Court.*

*Brown, Walser & Bray,* for Appellant.

*Attorney General,* for Respondent.

SHERWOOD, Judge, delivered the opinion of the court.

The defendant was indicted under the provisions of Wagn. Stat., § 9, p. 500, for defiling his ward. The indictment contained words sufficiently descriptive of the offense, and charged that the act was feloniously done, and is therefore not open to the objections urged against it. The case of the State vs. Feaster, (25 Mo., 325) is not in point, but widely distinguishable from the present one; for there the act, which constituted the offense, was not charged to have been feloniously done, but only that the assault was feloniously made.

The instructions given by the court on its own motion presented the matter with great fairness to the jury, so that no room for complaint exists on this score, although instructions asked by the defendant were refused. And the court was clearly in the right in refusing any instruction, which was a mere commentary on a portion of the evidence, and sought to direct the special attention of the jury to the consideration of a particular part of the testimony of the prosecutrix, as evincve of the contradictory nature of her story respecting the entry in the family bible in reference to the date of her birth.

| | |
|---|---|
| 58 | 507 |
| 98 | 245 |
| 58 | 507 |
| 53a | 167 |
| 58 | 507 |
| 118 | 110 |
| 118 | 142 |
| 58 | 507 |
| 61a | 58 |
| 58 | 507 |
| 143 | 559 |
| 58 | 507 |
| 149 | 563 |
| 78a | 169 |
| 58 | 507 |
| 174 | [2]618 |
| 98a | [2]453 |

The improbabilities in the testimony of witnesses, or their contradictory statements, are matters for the consideration of the jury in making up their verdict. There was a tendency in the evidence to support the verdict, and what weight should be given to it, was to be determined alone by the triers of the fact; and we will not intrude upon their province in this regard.

But there was unquestionably error in the refusal to admit testimony as to the moral character of the prosecuting witness. The better opinion now is, that, in order to discredit a witness, the inquiry need not be confined to his veracity alone, but may be properly extended to his general moral character. (State vs. Shields, 13 Mo., 236; *Id.*, 422.) And there was also error in refusing defendant permission to adduce evidence to show that any witness or witnesses had formed a conspiracy against defendant, or had in any manner exhibited feelings of hostility against him. The spirit which animates a witness is always a proper subject for inquiry, in order that the jury may place a proper estimate upon the value and importance of his testimony.

For these errors in relation to the evidence, the judgment must be reversed and the cause remanded; Judge Vories absent; the other judges concur.