THE STATE v. MILLER, *Appellant.*

**Impeachment of Witness.** For the purpose of impeaching the testimony of a witness, it is competent to inquire concerning her general moral character and the state of her feelings toward the parties.

*Appeal from Jackson Criminal Court.*—HON. H. P. WHITE, Judge.

REVERSED.

*Frank Titus* for appellant.

*J. L. Smith,* Attorney-General, for the State.

NAPTON, J.—This was an indictment under section 29, 1 Wag. Stat., p. 449, for an assault with intent to kill. The only witness for the prosecution was a Mrs. Lucett, and, therefore, the main purpose of the defendant was to destroy

her credibility with the jury. Mrs. Lucett was the only person who saw the stabbing, neither the person who was stabbed, a man named Lester, nor the defendant, were witnesses on the trial. A daughter of the defendant, Mrs. Gradwold, was a witness for defendant. She knew but little about the case, except that she heard abusive language interchanged between defendant and Lester. But she was asked, among other questions, what the general character of the witness, Mrs. Lucett, was for morality, and the court excluded the question. She was also asked what this witness' feelings toward defendant were, which question was also excluded. This court has decided both these points adversely to the ruling of the criminal court. *State v. Shields*, 13 Mo. 236; *State v. Hamilton*, 55 Mo. 520; *State v. Breeden*, 58 Mo. 507; *State v. Clinton*, 67 Mo. 386; *State v. Montgomery*, 28 Mo. 594. The judgment of the criminal court must, therefore, be reversed.

The instructions, taken all together, were unobjectionable, and we see no force in the objections to the remarks of the prosecuting attorney to the jury. They were legitimate comments on the evidence in the case. Judgment reversed and cause remanded. All concur.