STATE OF MISSOURI, Respondent, v. HENRY C. CLAWSON, Appellant.

### St. Louis Court of Appeals, March 27, 1888.

1. CRIMINAL LAW—PRACTICE, APPELLATE.—The statute and rules of court requiring assignments of errors do not apply to criminal cases.

2. ——— ——— INDICTMENT—SEVERAL OFFENCES IN ONE COUNT.—An indictment which contains several specifications, and yet charges substantially but one offence, is not open to the objection that it charges separate and distinct offences in one count. Nor would it be fatal to an indictment that it charged several offences in the same count, if such offences were the same, defined by the same section of the statute and punishable in the same manner.

3. ——— ——— ———. An indictment is sufficient, though it does not follow the language of the statute, if it uses substantially the words of the statute, or words equivalent in meaning.

4. ——— ——— ADULTERY—EVIDENCE.—In a prosecution for adultery, it was prejudicial error to permit a witness to testify that he had seen the accused persons together near some haystacks, when there was at the same time nothing in his testimony from which it could be inferred that they were engaged in illicit intercourse.

5. WITNESS—IMPEACHMENT OF VERACITY.—It is not admissible to impeach the veracity of a male witness by evidence concerning his general reputation for unchastity.

APPEAL from the Knox Circuit Court, HON. BEN. E. TURNER, Judge.

*Reversed and remanded.*

HOLLISTER & ANDERSON, for the appellant: That the clauses set out separate offences, see *State v. West,* 84 Mo. 440, and *State v. Dameron,* 8 Mo. 494. The indictment has undertaken to charge two distinct and separate offences in one count, and so mingled the offences together that the defendant cannot tell with what he is charged. It does not aver that they were not married to each other. The state must prove that fact; hence it

is necessary to aver it. *State v. Bess*, 20 Mo. 419 ; *State v. Byron*, 20 Mo. 210. All the material facts necessary to constitute the crime must be charged. But when does the indictment in this case aver that this defendant was unmarried ? Some two or three different dates having been used, the word " then " is too indefinite and uncertain and renders the indictment bad. *State v. Hayes*, 24 Mo. 358; *State v. McCracken*, 20 Mo. 411. Then the indictment does not charge the defendant with any specific act. *State v. Dameron*, 8 Mo. 494. Occasional illicit intercourse will not constitute the offence. They must reside together publicly, in the face of society, as if the conjugal relation existed between them, and the illicit intercourse must be habitual. *State v. Crowner*, 56 Mo. 150; *Wright v. State*, 5 Black, 358 ; *Searls v. People*, 13 Ill. 597 ; *State v. Gartrell*, 14 Ind. 280 ; *State v. Marvin*, 12 Iowa, 499 ; *Hinson v. State*, 7 Mo. 244 ; *Dameron v. State*, 8 Mo. 494 ; *Miner v. People*, 58 Ill. 59 ; *People v. Gales*, 46 Cal. 52 ; *Carrotti v. State*, 42 Miss. 334 ; *Smith v. State*, 39 Ala. 554. So one act is not sufficient. *Collins v. State*, 14 Ala. 608 ; *Richardson v. State*, 39 Tex. 346. There must be both lewd and lascivious intercourse, and a living together of the parties as husband and wife live together, to constitute the offence. *Jones v. Commonwealth*, 80 Va. 18; *Scott v. Commonwealth*, 77 Va. 346 ; *Searls v. People*, 13 Ill. 597. The state must show they lived together as man and wife. *State v. West*, 84 Mo. 440 ; *Granberry v. State*, 61 Miss. 440. The state had not proved the venue. There is no evidence in this record that this crime was committed in Knox county. *State v. Burns*, 48 Mo. 438.

O. D. JONES, for the respondent: We find no assignment of errors " distinctly and separately alleged " in appellant's brief—no error in which to join. Rule 18, this court; Rev. Stat., sec. 3764; *Rannells v. Flynn*, 44 Mo. 604 ; *Miller v. Folinsbee*, 59 Mo. 183. The indictment is sufficient—more than is necessary,

but the material allegations are there. *State v. West,* 84 Mo. 440. The "abiding and cohabiting" is the gist of the offence. This was in Knox county. *State v. Burns,* 48 Mo. 438. Defendant resides in Knox county. "When the fact of adultery is alleged to have been committed within a limited period of time, it is not necessary that the evidence be confined to that period; but proof of acts anterior to the time alleged may be adduced in explanation of other acts within that period. Thus, when the statute of limitations was pleaded, the plaintiff was permitted to begin with proof of acts of adultery, committed more than six years preceding, as explanatory of acts of indecent familiarity within the time alleged. 2 Greenlf. on Evid., sec. 40. Evidence is admissible of improper familiarity and adultery between the parties, both before and after the commission of the offence charged, although it proves other and distinct offences. 1 Am. & Eng. Encyc. of Law, title, adultery, p. 214, sub-title, "evidence." And, therefore, it has been held that general cohabitation excluded the necessity of proof of particular acts. 2 Greenlf. on Evid., sec. 41.

ROMBAUER, P. J., delivered the opinion of the court.

The defendant was indicted and convicted of an offence under section 1541, Revised Statutes, and fined five hundred dollars, from which sentence he appeals.

We are asked to affirm the judgment because the defendant's brief filed in this court does not contain any distinct assignment of errors. The statute and rules of the court on that subject have no application to criminal cases, in which it is the duty of the court, upon return of the appeal, to render judgment upon the record before it, regardless of the fact of an assignment or joinder in error. Rev. Stat., sec. 1993; *State v. Heffernan,* 20 Mo. App. 327; *State v. Pfaff,* 20 Mo. App. 335.

The indictment was in the following words:

"State of Missouri, ⎱ ss.
"County of Knox. ⎰

"The grand jurors duly empaneled, sworn and charged to inquire within and for the body of the county of Knox and state of Missouri, upon their oaths aforesaid, present and charge that one Henry C. Clawson, at the said county of Knox aforesaid, on the first day of June, A. D., 1887, and for the space of nine months next prior thereto, he then and now being an unmarried man, did then and there, and from that day, to-wit, from September the first, A. D., 1886, until June 1, 1887, in said county aforesaid, unlawfully, shamefully, openly, lewdly, lasciviously, and notoriously live, abide, and cohabit with one Bulah R. B. Goodwin, she being then and there a married woman, in a state of open and notorious adultery and they then and there habitually having sexual intercourse together, she then and there having a husband living, and against the statute in such cases made and provided, and against the peace and dignity of the state of Missouri.

"A true bill.    A. G. BOSTICK, Foreman,

"O. D. JONES, Special Pros. Att'y."

The defendant pleaded not guilty. No motion to quash the indictment is found in the record, but the defendant, both in his motion for new trial and motion in arrest, complains that the indictment charges three separate and distinct offences in one count.

This exception is not tenable. The indictment charges substantially but one offence although it contains several specifications. That was the view taken of the same statute in *State v. Bess*, 20 Mo. 419, where it was held that an indictment under this section was erroneously quashed if any of the specifications are sufficiently charged in the indictment. The indictment would not be bad even if it charged several offences in the same count, if such offences are the same, defined by the same section of the statute, and punishable in the same manner. *State v. Pittman*, 76 Mo. 56; *State v. Klein*, 78 Mo. 627; *State v. McAdoo*, 80 Mo. 216.

The decisions in this state hold that an indictment is sufficient, though it does not follow the language of the statute, if it uses substantially the words of the statute, or words equivalent in meaning. *State v. West*, 21 Mo App. 309; *State v. Ware*, 62 Mo. 597; *State v. Watson*, 65 Mo. 115. These suggestions dispose of all the objections that are urged against the legal validity of the indictment.

Upon the trial of the cause it appeared that the woman with whom the offence is charged to have been committed, and her husband, lived at the house of the defendant as servants, in the year 1882, about five years prior to the alleged commission of the offence charged in the indictment, and thereafter left his house and were absent three years and more.

A witness for the state, one Howerton, was put upon the stand and asked whether, in the year 1882, he had not seen the woman and the defendant near some haystacks together. To this question the defendant objected, distinctly specifying the ground of his objection. The court overruled it and the defendant excepted. The witness thereupon stated that he had seen them together at that time, although there was nothing in his testimony from which it could be inferred that they were engaged in any illicit intercourse. The admission of this testimony was clearly erroneous ( *Smith v. Young*, 26 Mo. App. 579, and cases cited ), and it is not well conceivable on what theory it was admitted. As the defendant was convicted mainly on circumstantial evidence, and even that of a very unsatisfactory character, the admission of this testimony was clearly prejudicial to him and necessitates a reversal of the judgment.

In view of a probable re-trial, we will make these additional suggestions : A number of witnesses were called for the purpose of impeaching the defendant's reputation for veracity, he having testified in his own behalf. These witnesses were asked whether they were acquainted with the defendant's general reputation for morality and chastity and uniformly answered that it

was bad. The questions were not objected to, and at the close of the case the court instructed the jury: "That the evidence introduced on behalf of the state as to the general reputation of the defendant for morality cannot be considered as evidence of guilty connection with Bulah R. B. Goodwin. It can only be considered in passing on the defendant's credit as a witness, and for no other purpose."

"Under the rulings in this state," says Judge Sherwood in *State v. Grant*, 79 Mo. 133, "a witness may be impeached not only by a general reputation as to veracity, but inquiry may extend to the general moral character or reputation of the witness. *State v. Shields*, 13 Mo. 236; *State v. Breeden*, 58 Mo. 507; *State v. Hamilton*, 55 Mo. 520; *State v. Clinton*, 67 Mo. 386; *State v. Miller*, 71 Mo. 590. And this ruling has been made in cases as to the general reputation of a female witness respecting chastity." It will be thus seen that inquiries as to the witness' general reputation as to chastity for the purpose of impeaching her credit are confined to cases where the witness is a female, as was the case in *State v. Shields*, 13 Mo. 236. The reason for the distinction is obvious and needs no comment.

The admission of evidence of this character was highly prejudicial, and the prejudice, if anything, was increased by the unfortunate wording of the instruction of the court which mentions reputation for morality alone as not being evidence of a guilty connection, and leaves the jury to infer that a bad reputation for chastity is evidence.

The defendant was on trial for an offence involving a want of chastity. He had to be convicted, if at all, on evidence of facts and not on evidence of his general reputation; yet, in view of all the evidence in this case, it would appear that he was convicted mainly on the latter.

Judgment reversed and cause remanded. All the judges concur.