THE STATE OF MISSOURI, Respondent, v. J. W. COFFEY
AND MARY ROWE, Appellants.

**St. Louis Court of Appeals, April 21, 1891.**

1.  **Witness, Impeachment of.**  It is not permissible to impeach a
male witness by evidence of his general reputation for unchastity.

2.  **Criminal Law: RELEVANCY OF EVIDENCE.**  In a prosecution charg-
ing the defendant, a married man, with illicit cohabitation with a
female, contrary to section 3798 of the Revised Statutes of 1889, evi-
dence that the defendant was seen walking in an orchard with the
female is not relevant, in that there was no evidence of conduct in
that connection warranting an inference of illicit intercourse;
and *semble* that evidence is not relevant that he furnished the
female with groceries.

*Appeal from the Texas Circuit Court.*—HON. C. C.
BLAND, Judge.

REVERSED AND REMANDED.

*V. M. Hines* and *L. B. Woodside*, for appellants.

(1) The court erred in admitting illegal and
improper evidence over the objections of defendants
made thereto at the time.  The testimony introduced by
the state, impeaching the character of defendants for
chastity, was inadmissible and should have been
excluded, and defendants' objections thereto should
have been sustained.  *State v. Clawson*, 30 Mo. App.
139.  The effect of this evidence could only be to con-
vict the defendants upon hearsay testimony and com-
mon repute in the neighborhood.  They were being tried
for the same offense of which rumor said they were
guilty; but it is against the policy of our laws to con-
vict any person upon rumor or hearsay testimony.  The
evidence of Charles Givins, that he had seen Coffey and
Mrs. Rowe alone together in the orchard, was also
improper, and defendants' objection thereto should have

been sustained. *State v. Clawson, supra.* The evidence introduced by the state in regard to the trip to Ozark county, and that Coffey was present when Mrs. Rowe's child was born, and that they slept in the same room in Ozark county, did not tend to prove any allegation charged in the indictment, and could only tend to prejudice the defendants on the trial. *State v. Barnard,* 64 Mo. 260 ; *State v. Reavis,* 71 Mo. 420 ; *State v. Turner,* 76 Mo 350. (2) The testimony introduced by the state was insufficient to establish the offense charged, and the court should have sustained the demurrer offered by the defendants thereto. *State v. Coffee,* 39 Mo. App. 56 ; *State v. Osborne,* 39 Mo. App. 372 ; *State v. West,* 84 Mo. 440.

*J. D. Young,* for respondent.

BIGGS, J.—The defendant Coffey is a married man, and his codefendant is an unmarried woman. They were jointly indicted, tried and convicted, under the second clause of section 3798 of the Revised Statutes of 1889, which reads : "And every man and woman, one or both of whom are married, and not to each other, who shall lewdly and lasciviously abide and cohabit with each other, * * * shall, upon conviction, be adjudged guilty of a misdemeanor."

The defendants have appealed, and assign for error the refusal of the court to sustain a demurrer to the plaintiff's evidence, and the admission of incompetent and prejudicial evidence offered by the state. The defendant's first assignment is not well taken. There was substantial evidence, though circumstantial, that the defendants abided and dwelt together for the purpose of having sexual intercourse. *State v. Osborne,* 39 Mo. App. 372 ; *State v. West,* 84 Mo. 440. It is not necessary for us to go into the details.

The judgment of conviction will have to be set aside, and the cause remanded, on account of the admission of incompetent evidence. The defendant Coffey

testified in his own behalf. For the purpose of impeaching his testimony, the court permitted the state to introduce some damaging testimony concerning his general reputation for chastity. This was error. *State v. Clawson*, 30 Mo. App. 139.

The court also admitted evidence against the objection of the defendants, to the effect that they were seen walking together in the orchard. There was nothing in the testimony of the witness concerning the conduct of the parties, from which it could be reasonably inferred that they were engaged in any illicit intercourse. This evidence ought also to have been excluded. *State v. Clawson, supra.*

The court permitted the state to show that the defendant Coffey furnished Mrs. Rowe with groceries. This testimony was objected to on the trial, but the objection is not urged in this court. In view of a probable retrial of the case we have deemed it proper to state that we are inclined to the opinion that this evidence was inadmissible.

For the foregoing reasons, the judgment of the circuit court will be reversed and the cause remanded. All the judges concur.