KINGMAN & COMPANY, Appellant, v. JOHN B. SHAWLEY *et al.*, Respondents.

St. Louis Court of Appeals, January 29, 1895.

1. **Witnesses:** GENERAL REPUTATION FOR FAIR DEALING. It is permissible, in impeachment of a witness, to show his reputation for fair dealing.

2. **Practice, Appellate:** EVIDENCE NOT OBJECTED TO. Error can not, on appeal, be assigned of the reception of evidence, when no objection thereto was made at the trial.

3. **Instructions:** IGNORING AFFIRMATIVE DEFENSES. The giving of an instruction, which authorizes a recovery without reference to affirmative defenses, will not be treated as prejudicial error, when other instructions fairly bring such defenses to the attention of the jury as qualifications of that right.

4. **Fraud:** MISREPRESENTATION OF LEGAL EFFECT OF WRITING. The mere fact, that the signature of a party to a writing was procured through misrepresentation of its legal effect, will not constitute a defense to an action on it; it will be presumed that he read and understood it.

5. ——— : ——— : PLEADING. But it may be shown, in defense to an action on a writing, that the signature of the defendant to it was procured through the secret and fraudulent substitution of it in place of another which the defendant supposed he was signing; and this may be shown under a plea of *non est factum*.

*Appeal from the Clark County Circuit Court.*—HON. BEN. E. TURNER, Judge.

REVERSED AND REMANDED.

*H. M. Pollard* for appellant.

*J. D. Smoot* and *Wm. Berkheimer* for respondent.

(1) In impeaching a witness, a party is not restricted to his moral character for truth and veracity, but the inquiry may extend to his moral character generally. *State v. Hamilton*, 55 Mo. 520; *State v. Breeden*, 58 Mo. 507; *State v. Grant*, 76 Mo. 236. In such cases, evidence that the reputation of the witness was that of a common drunkard is admissible. *State v. Grant*, 79 Mo. 113. (2) There was no objection to the question propounded to witness, H. H. Sailing, as to the general moral character of witness Black for truth and veracity, or honesty and integrity, or to the answer of the witness thereto. A bill of exceptions is necessary to get the benefit of an exception of the trial court. *White v. Caldwell*, 17 Mo. App. 691; *State v. Ramsey*, 82 Mo. 133; *Smith v. Dunklin Co.*, 83 Mo. 195; *State v. Bennett*, 81 Mo. 119. (3) There is no inconsistency in the instructions. Instruments are not executed when signatures are obtained by fraud. The instructions given are proper. *White v. Middlesworth*, 42 Mo. App. 373; *Corley v. Wheddle*, 57 Mo. 452; *Briggs v. Ewart*, 51 Mo. 245; *Maiten v. Smylee*, 55 Mo. 367. The instructions must be taken together in connection with each other, and not singly. *Daugherty v. Railroad*, 97 Mo. 647; *Muehlhauser v. Railroad*, 91 Mo. 332.

BRIGGS, J.—On the ninth day of April, 1892, F. A. Pool and Clay Black were doing business as partners in Memphis, Missouri. Between that date and October 27, 1892, the plaintiff sold to them divers bills of goods, for which they executed their notes as follows: One for $535.56, dated June 15, 1892, due February 1, 1893; two dated October 26, 1892, for $243 each, due respectively November 15, 1892, and March 1, 1893; and one for $243, dated October 27, 1892, due January 1, 1893. These notes are due and unpaid. ·In this action the plaintiff seeks to recover from the defendants their amount on the following contract of guaranty, which, it is alleged, the defendants executed.

"Be it known, that John B. Shawley and Joel Ewing, of Memphis, Missouri, undersigned, in consideration of the sum of $1 paid to them by Kingman & Company (a company incorporated under the laws of Illinois), and in further consideration that said Kingman & Company have appointed Fred A. Pool and Clay Black, of Memphis, Missouri, their agents at Memphis, Missouri, to sell their goods, and to transact such other business at that place and in that vicinity as said Kingman & Company may request or require them to do, and that said Kingman & Company shall, from time to time, sell and deliver to said Pool and Black, goods, wares and merchandise, for their own use and behalf, whether for cash or upon credit, do hereby become guarantors for the said Pool and Black, and do agree and obligate ourselves to be and become jointly and severally liable to the said Kingman & Company for the payment of any goods or property sent, sold, consigned or delivered by the said Kingman & Company to them, the said Pool and Black, and that they will be and become in the first instance, and they do hereby become so liable, and agree to pay them, the said Kingman & Company, any indebtedness which

may be or become due them in the premises, or upon
any transaction or transactions growing out of or per-
taining to the business connections between the parties
as aforesaid, and that they will save and keep harmless
the said Kingman & Company because of any such
indebtedness, whether upon note, bill or open account
in the premises; and they do hereby waive any notice
to us of any such sales, shipment or delivery of prop-
erty by them, or the accruing of any such indebtedness.

"*Witness* our hand and seal hereto set, this ninth
day of April, 1892, at Memphis, Missouri.

<table>
<tr><td></td><td></td><td>his</td><td></td></tr>
<tr><td>Witnesses:</td><td>JOHN B.</td><td>X SHAWLEY,</td><td>[SEAL]</td></tr>
<tr><td>F. H. Smith,</td><td></td><td>mark</td><td></td></tr>
<tr><td>F. A. Pool.</td><td>JOEL EWING."</td><td></td><td>[SEAL]</td></tr>
</table>

The answer of the defendants contained a general
denial, and a plea of *non est factum*. The jury found
the issues for the defendants, and judgment was entered
accordingly. The plaintiff has appealed, and complains
of the instructions and the admission of incompetent
and irrelevant testimony.

The plaintiff introduced Pool as a witness to prove
the execution of the contract of guaranty. After the
defendants had put in their testimony and the plaintiff
had closed its rebuttal testimony, the defendants intro-
duced a witness, who testified that Pool's reputation for
fair dealing was not good. Objections are now made
that the inquiry should have been confined to the repu-
tation of the witness for truth and veracity, and that
the impeaching evidence was admitted out of order.
The latter objection was not made at the trial, and the
former is untenable under many decisions in this state,
beginning with the case of *State v. Shields*, 13 Mo. 236.
Judge NAPTON in that case stated the rule, that a bad
character generally, "or a depravity not necessarily
allied to a want of truth," has a tendency to shake the

credibility of a witness, and therefore is a fair subject for inquiry. This ruling has been affirmed in *State v. Hamilton*, 55 Mo. 520; *State v. Breeden*, 58 Mo. 507; *State v. Grant*, 76 Mo. 236; s. c., 79 Mo. 113.

The defendants proved by a witness that the reputation of Black for truth and veracity was good. This is assigned for error. The testimony was admitted without objection, and consequently its admission can not be assigned for error here. Black did not testify in the case, and he had in no way been attacked, which made any evidence in support of his character immaterial, irrelevant and unnecessary. This the court recognized, as the testimony of the next witness introduced for the same purpose was, on objection made, promptly excluded.

At the instance of the plaintiff the court instructed the jury as follows: "If the jury believe from the evidence in the cause that defendants signed the contract of guaranty introduced in evidence by plaintiff, purporting to be signed by them, then and in that case the jury should find for plaintiff." The second instruction given for the plaintiff was to the effect that, if the defendant Shawley signed the contract by making his mark, it amounted to a legal execution of the contract by him. Then followed an instruction as to the amount of the recovery.

The court at the instance of the defendants further instructed the jury as follows:

"The court instructs the jury that in this case the burden of proof is on the plaintiff to show by a preponderance of the evidence that the defendants executed the contract sued on, and, unless it has so done, the verdict of the jury must be for the defendants."

"The court instructs the jury that the plaintiff must recover, if at all, upon the contract sued on, and that it can not recover on another and different con-

tract. Therefore, although the jury may believe from the evidence that the notes offered in evidence are unpaid and that the defendants intended to become guarantors of the plaintiff for Pool and Black, yet if they further believe from the evidence that the signatures of the defendants were obtained fraudulently, as stated in these instructions, or did not sign the contract sued on, then their verdict must be for the defendants.''

''The court instructs the jury that, although they may believe from the evidence that the defendants wrote their signatures as they appear on the alleged contract, yet if they further believe from the evidence that the defendants believed at the time that the names of Black and Pool were also subscribed to such contract, and Smith, the agent of the plaintiff, fraudulently induced them so to believe, then as a matter of law the defendants did not execute the contract sued on in this suit, and the verdict of the jury should be for the defendants.''

''Although the jury shall believe from the evidence that the signatures to the alleged contract offered in evidence are the signatures of the defendants, yet if the jury shall further believe from the evidence that said signatures were procured by said Smith, the agent of the plaintiff, under false pretenses on the part of said Smith, that thereby the defendants were only becoming guarantors, that Pool and Black should account to them for cash received on sale of goods purchased of the plaintiff and for the return of unsold goods; and that the defendants at the time of so affixing their signatures to the alleged contract had no purpose or thought of signing a contract by which they became guarantors for the payment of purchase money of goods sold on credit to said Pool and Black by the plaintiff, and not paid for, and also become guarantors for the payment of all goods purchased of the plaintiff, whether Pool

and Black sold the same or not, then the alleged contract offered and in evidence was and is void, and the verdict should be for the defendants."

The contention of the plaintiff is that the two sets of instructions are inconsistent, in that the jury were told in the plaintiff's first instruction that, if the defendants signed the contract of guaranty they were liable, whereas in the defendants' third instruction they were told that, although the defendants did sign the paper, yet they were not liable if Smith, the agent of the plaintiff and one of the attesting witnesses, fraudulently induced them to sign it.

The fault. is altogether with the plaintiff. The defendants' third instruction was intended to apply to their proof, which tended to show that Smith practiced a fraud on them in the execution of the instrument. This evidence was competent under the plea of *non est factum* ( *Wright v. McPike,* 70 Mo. 175), and logically the plaintiff's first instruction should have referred to this affirmative defense. This, however, under the latter decisions would not, in a case like we have here, be reversible error on the complaint of either party. After many contrary rulings on the subject, the supreme court in the case of *Schroeder v. Michel,* 98 Mo. 43, agreed, in a *per curiam* opinion, on the following statement of the rule of practice, which has not been departed since to our knowledge: "It is undoubtedly a better and more logical practice for every instruction assuming to state the facts necessary to a verdict for plaintiff to refer to such affirmative defenses as the case may present. But whether or not the omission to do so constitutes reversible error will greatly depend on the language of the different instructions in each particular case. If the qualification of the instruction complained of appears elsewhere in a form fairly bringing it to the attention of the jury as a modification of

the other, the judgment will not, on that account, be reversed." We had occasion to treat of the same question in the case of *Voegeli v. Pickel, etc., Co.*, 49 Mo. App. 643.

In the defendants' fourth instruction the jury were told in substance that, although the defendants did execute the contract in suit, yet if Smith misrepresented to them its legal effect, then there could be no recovery. This was error. Under the facts as stated in the instruction it must be assumed that the defendants read the contract, and, having read it, the law conclusively presumes that they understood its true legal import; and they will not be heard to say that they did not. *Smither v. Calvert*, 44 Ind. 242; *Clem v. Railroad*, 9 Ind. 488; *Starr v. Bennett*, 5 Hill. 303; *Beck, etc., Co. v. Obert*, 54 Mo. App. 240. This rule must in cases like we have here be adopted and strictly adhered to, or else written contracts will have but little value.

In addition to this the instruction ought to have been refused for the reason that there is no evidence that Smith made any such misrepresentations. The fraud which the defendants' evidence tended to prove was that Pool and Black signed the contract which Smith asked defendants to sign and which they supposed they had signed, and that Smith fraudulently and secretly and without the knowledge of the defendants substituted the paper sued on, and in that way procured their signatures to it. This alleged fraud pertained to the execution of the instrument, and the proof of it was admissible under the plea of *non est factum*. *Van Valkenburgh v. Rouk*, 12 Johns. 337.

The defendants' second and third instructions fully and fairly presented the only defense to the action, and for the reasons stated the fourth instruction ought

not to have been given, and for this error the judgment of the circuit court will be reversed and the cause remanded. All the judges concur.