THE STATE v. VANDIVER, Appellant.

Division Two, May 9, 1899.

**Criminal Law:** IMPEACHMENT OF DEFENDANT: SPECIFIC CRIMES. Where accused testifies, he may be impeached by proof of other specific crimes only where they tend to throw light on the crime charged.

*Appeal from Dunklin Circuit Court.*—HON. JOHN G. WEAR, Judge.

REVERSED AND REMANDED.

ELY & KELSO for appellant.

The court erred in permitting the State to prove by witness Hawkins, that defendant had been guilty of other

and distinct offenses, and that the witness had heard of defendant being charged with certain specific acts of immorality.   "Special acts" and "other.specific acts of immorality" on the part of defendant are wholly incompetent for the purposes of impeachment.   State v. Shroyer, 104 Mo. 447; State v. White, 35 Mo. 500; State v. Welsor, 117 Mo. 570; State v. Tabor, 95 Mo. 585; State v. Jackson, 112 Mo. 585; State v. Mathews, 98 Mo. 125; State v. Young, 119 Mo. 495; State v. Hodges, 144 Mo. 54.

EDWARD C. CROW, Attorney-General, and K. B. STONE, for the State.

The evidence concerning the defendant's reputation for "virtue and chastity" was properly admitted; the general character was not in issue.   McKern v. Calvert, 59 Mo. 243.

SHERWOOD, J.—Defendant being indicted under the statute [Laws 1895, p. 149] for having carnal knowledge of an unmarried female, etc., was convicted and fined the sum of $500; hence this appeal.

It is unnecessary to go into the errors assigned except the following one:

It is the prevalent rule in this State, that when a defendant is a witness, you may attack his general moral character, to wit, his reputation in order to impeach him as a witness.   [State v. Grant, 79 Mo. 113; State v. Breeden, 58 Mo. 507; State v. Clinton, 67 Mo. 380; State v. Miller, 71 Mo. 590.]

But while this is so, it is equally well settled both in this State and elsewhere, that in order to impeach a witness you can not attack his character or reputation by proof of specific criminal acts.   [State v. Grant, *supra;* State v. White, 35 Mo. 500; State v. Welsor, 117 Mo. 570; 1 Bishop, New Crim. Proc., sec. 1117, and cases cited; State v. Lapage, 57

N. H. 245; 3 Rice, Ev., sec. 373; 3 Greenl. Ev. (14 Ed.), sec. 214.]

In the case at bar, over the objection and exception of defendant, the State was allowed to introduce hearsay evidence, that is, what the witness had heard about defendant's having been guilty of specific acts of unchastity or immorality, and of his having been arrested therefor. Such evidence was plainly inadmissible, and erroneously admitted. There are cases where evidence of other crimes is admissible, but it is only where such other specific offenses have a tendency to shed light on the particular offense then at issue.

For the error mentioned, the judgment must be reversed and the cause remanded. All concur.