## W. F. MAIN, Appellant, v. JESSE F. HALL, Respondent.

### Kansas City Court of Appeals, January 6, 1908.

1. FRAUD: Answer: Non Est Factum. Where fraud is relied on as a defense, the answer must state the facts constituting the fraud; yet under the pleading of *non est factum* it may be shown that the signature of the defendant was procured through a fraudulent substitution of such contract in lieu of another.

2. ———: ———: ———: Negligence: Instruction. On the record it was not necessary by instruction to define negligence.

3. ———: ———: ———: Verdict. Held the verdict is supported by the evidence.

Appeal from Clay Circuit Court.—*Hon. Francis H. Trimble*, Judge.

AFFIRMED.

*Martin E. Lawson* for appellant.

(1)    Fraud to be available as a defense, must be pleaded, and the facts constituting the supposed fraud must be set out.    Consequently the court erred in admitting evidence of fraud over the objection of appellant.    Nicholas v. Stevens, 123 Mo. 117; Paving Co. v. Field, 188 Mo. 204.    (2) A party cannot blindly sign a statement, and then assert he was defrauded. He had the means at hand to see what the contract was. The agent said nothing to mislead him.    Mfg. Co. v. Carle, 116 Mo. App. 581; Anderson v. McPike, 86 Mo. 300; Price v. Marthen, 81 N. W. 551; Cash Register Co. v. Greenberger, 90 N. Y. Supp. 361; Main v. Radney, 39 So. 980; Andrews v. Smelting Co., 130 U. S. 463.    (3) The plea of *non est factum* is a declaration under oath that affiant (defendant) did not execute the instrument.    The defendant (respondent) on the trial, admits the execution of the instrument as it stands. Hence fraud in procuring the execution should be alleged and proven as it is an affirmative defense.    And it should include a statement of the facts constituting the fraud. This is especially true when the statute makes no provision for a verified plea of *non est factum,* where both parties sign the instrument.    Wells v. Hobson, 91 Mo. App. 388; Smith v. Simms, 77 Mo. 269; Jones v. Albee, 70 Ill. 34; Cole v. Opera House Co., 79 Ill. 96; Weigand v. Cannon, 118 Ill. App. 635.    (4)    Deceit in business transactions consists of fraudulent representations or contrivances by which one man deceives another, who has a right to rely upon such representations, and has no means of detecting the fraud.    Reynolds v. Palmer, 21 Fed. 433; 2 Parsons on Contracts (9 Ed.), 491;

Kimmell v. Skelly, 62 Pac. 1067; Chapman v. Rose, 56 N. Y. 137; Bigbee v. Powell, 71 Am. Dec. 168; Loveland v. Gravel et al., 103 N. W. 720. Signing a paper without reading is folly, not fraud. Ins. Co. v. Hodgkins, 66 Me. 109. (5) Evidence for the purpose of sustaining fraud will not be admitted if the party claiming it had full means of detecting the alleged fraud complained of and of ascertaining for himself the truth and neglected to inform himself. Pratt v. Philbrook, 33 Me. 17; Alaughter's Admr. v. Gerson, 13 Wall. (U. S.) 379. (6) The goods were delivered to Hall, the respondent, when delivery was made to the carrier. Comstock v. Affelder, 50 Mo. 411.

*Jesse E. James* and *William J. Courtney* for respondent.

(1) Parol testimony is admissible to vary the terms of a written contract where a positive willful wrong or fraud has been perpetrated upon one. The rule excluding parol evidence to vary a written contract obtains only in the absence of fraud. Wood v. Murphy, 47 Mo. App. 539; Culp v. Powell, 68 Mo. App. 238; Wells v. Adams, 88 Mo. App. 227; Leicher v. Keeney, 98 Mo. App. 394; Anthony v. Rockefeller, 102 Mo. App. 326; Morgan v. Porter, 103 Mo. 135; Squier v. Evans, 127 Mo. 514. (2) Under a plea of *non est factum* it may be shown in defense to an action on a writing, that the signature of the defendant to it was procured through the secret and fraudulent substitution of it, in place of another which the defendant supposed he was signing. Kingman & Co. v. Shawley, 61 Mo. App. 54; Love v. Insurance Co., 92 Mo. App. 192; Broyles v. Absher, 107 Mo. App. 168; Corby v. Weddle, 57 Mo. 452; Wright v. McPike, 70 Mo. 175. (3) A variance will not afford a ground for reversal, unless advantage be taken of it by affidavit, that the appellant was misled to his prejudice. R. S. 1899, sec. 655; Bank v.

Wills, 79 Mo. 275; Olmstead v. Smith, 87 Mo. 602; Ridenhour v. Railroad, 102 Mo. 270; Bank v. Leyser, 116 Mo. 51.    (4) It is not necessary to define the word negligence in an instruction. Sweeney v. Railroad, 150 Mo. 385.    (5) If a party in a civil cause desires an instruction explaining a term used in another instruction, it is his duty to ask it of the court.    Warder v. Henry, 117 Mo. 545; Quirk v. Railroad, 126 Mo. 279.

BROADDUS, P. J.—The plaintiff's suit is for the value of certain merchandise alleged to have been sold to defendant on his written order.    The answer is a general denial and a plea of *non est factum.*    The judgment was for defendant from which plaintiff appealed.

The defendant was a young man with three years' experience as a merchant and doing business at Kearney, Missouri.    The order in controversy is mostly in print and quite lengthy, on the back of which is printed a list of a great many articles of merchandise and their prices.

The testimony of defendant shows that on June 25, 1906, J. B. Weil plaintiff's traveling salesman came to his store and sold to him different articles of merchandise of the value of $99.96; that the said Weil filled out a written order similar in all respects to the one in suit containing an order for such goods, the amount of which was stated on the back of said order; that he carefully examined the paper on both sides and knew its contents, and that it corresponded with the goods he had purchased; that just at that time he left Weil with the paper to go to another part of the store to wait upon a customer; that when he returned he again looked over the front page of the paper, saw that it was what he had previously examined, but did not examine it on the back, and that he signed it under the writing on the front side with the supposition that it was the original order.    In a short time goods arrived of the value

according to the invoice, which was boxed up with the goods, of $215.59. The defendant immediately re-shipped the goods to plaintiff.

On the trial plaintiff objected to the evidence of defendant tending to show that the written order was obtained by fraud, which objection the court overruled. It is plaintiff's contention that such evidence, fraud not being pleaded, was incompetent. It is a general rule that where fraud is relied on as a defense the answer must state the facts constituting the fraud. [Nichols v. Stevens, 123 Mo. 96; Paving Co. v. Field, 188 Mo. 182.] But notwithstanding such is the general rule it also held that under a plea of *non est factum* it may be shown that the "signature of defendant was procured through the secret and fraudulent substitution of it in the place of another which the defendant supposed he was signing." [Kingman v. Shawley, 61 Mo. App. 54.] The decision is peculiarly applicable to this case, owing to its similarity. And so it was held in Broyles v. Absher, 107 Mo. App. 168; Wright v. McPike, 70 Mo. 175; Croby v. Weddle, 57 Mo. 452.

The plaintiff also complains of the action of the court in failing to define negligence in an instruction given in behalf of defendant. Such a definition is held not to be necessary. [Sweeney v. Railway Co., 150 Mo. 385.]

The plaintiff insists that the verdict should have been for him and not for defendant. But we believe that the finding of the jury is fully supported by the evidence and is for the right party. · Affirmed. All concur.