## FIRST NATIONAL BANK OF JEFFERSON CITY, Respondent, v. C. H. ASEL, Appellant.

Kansas City Court of Appeals, January 30, 1911.

1. **BILLS AND NOTES: Defenses: Fraud.** In a suit on a promissory note, that part of defendant's answer, the purport of which was to contradict and vary the terms of the note, etc., was stricken out. Defendant nowhere averred that he did not know the nature of the instrument he was signing. *Held*, such action was proper, because the answer did not show such fraud as exists in cases where the party was induced to sign the writing by a trick wherein he was made to believe that he was signing another and different paper.

2. ———: ———: **Want of Consideration.** Where defendant pleaded want of consideration, but in his answer also admitted that the consideration for the note in suit was certain shares of stock, whose value he did not deny, but instead set up that the understanding at the time was that his ownership was to be merely nominal, and that the making of the note was for accommodation purposes only, such facts constituted no defense, and a direction in plaintiff's favor was proper.

Appeal from Cole Circuit Court.—*Hon. Wm. H. Martin*, Judge.

AFFIRMED.

*Irwin & Calfee* for appellant.

*W. S. Pope* for respondent.

BROADDUS, P. J.—This is an action by plaintiff to recover of the defendant the amount and interest of a promissory note alleged to be due to plaintiff from defendant. The note reads as follows: "$1000.00    JEFFERSON CITY, Mo., April 12, 1907.

On demand after date I promise to pay to the order of the First National Bank of Jefferson City, one thousand and no 100 dollars, for value received, negotiable and payable without defalcation or discount, at the First National Bank, with interest at the rate of six per cent per annum from date.

C. H. ASEL."

At the same time defendant in connection with said note executed the following: "Having executed my note as above, and being desirous of securing the same I hereby pledge, as collateral security two shares stock in Jefferson City Opera House Co. . . . Now, in default of payment of said note at maturity I hereby authorize said bank to sell the same at public or private sale, or otherwise, at its option, on the non-performance of this promise, without notice, and apply the proceeds to the payment of the above note; and in case the proceeds of said sale are not sufficient to cover the amount of the above note I agree to pay the balance on demand; it being required, on payment of the amount loaned as specified above, and at any time before said collateral security shall have been sold, to surrender the same to me. C. H. ASEL."

There are two payments of interest endorsed on said instrument. The defendant answered in part as follows: "Comes now the defendant for his second amended answer to plaintiff's petition and admits that plaintiff is and was at the dates mentioned in its peti-

tion a corporation organized and existing under the laws of the United States concerning the organization of national banks and doing business as such in the city of Jefferson, in Cole County, Missouri, but denies that he has paid interest on the note described in plaintiff's petition up to April 12, 1908; and denies that he is indebted to plaintiff on the note sued upon in the sum of $1000 or any other amount, and avers the fact to be that he has not at any time nor does he now, recognize any liability of any kind to plaintiff on said note, that respecting each and every other allegation in plaintiff's petition, defendant avers that he has no knowledge or information of the matters therein stated sufficient to form a belief, and therefore denies each and all of said allegations.

"For other and further answer to plaintiff's petition, defendant states that the promissory note, described in plaintiff's petition, is and was wholly without consideration, and that the same is not and never was binding upon defendant; that plaintiff accepted said note with full knowledge of its infirmities, and well knew at the time said note was executed and delivered that the same was wholly without consideration.

"Defendant for further answer to plaintiff's petition says that the only pretended consideration for the note described in plaintiff's petition was the transfer to defendant of certain shares of the capital stock of the Jefferson City Opera House Company of the par value of $2500, and that there was no other consideration whatever for said note; that the said stock was held and owned by Will J. Edwards, and that Edson L. Burch, acting for and on behalf of himself and the plaintiff bank, persuaded and induced the defendant herein to sign the promissory note for the purpose of transferring to the defendant the nominal ownership of the said stock so held by the said Will J.

Edwards, and not otherwise; and that it was agreed and understood by and between Edson L. Burch and this defendant that the making of said note was for accommodation purposes only, and that defendant was not liable upon said note for any amount whatever, and that defendant was not to be the actual owner of said stock, and that defendant never claimed nor does he now claim the ownership of said stock which was placed in his name on the books of the company aforesaid; that the certificates of said stock have never been in his possession; that the same have remained and still are in the possession of plaintiff bank; that the said stock at the time of the said transfer was and is valueless, and that plaintiff bank knew the consideration for said note and accepted said note with full knowledge of its infirmities and with full knowledge of the consideration for which it was given, and knew that said note was an accommodation note and without consideration at the time it accepted the same.''

Other parts of said answer were struck out by the court. The purport of this part of the answer when analyzed is that it undertakes to contradict and vary the terms of the note in suit, and the attached writing placing the two shares of stock as security for the loan; and the further plea that defendant executed the note and attached writing without knowing the contents, etc.

The action of the court in striking out that part of said answer was eminently proper. The matters therein stated did not show such fraud as is referred to in Main v. Hall, 127 Mo. App. 713; Broyles v. Absher, 107 Mo. App. 168; Och v. Ry. Co., 130 Mo. 27. These cases refer to instances where the party was induced to sign the writing by a trick wherein he was made to believe that he was signing another and different paper. Defendant knew what he was signing and his effort is to contradict the writing itself and to

attach a meaning to it different from what it plainly imports. And we think the court might have rendered judgment for plaintiff on the remaining allegations in defendant's answer without violating any rule of law, as they do not constitute any defense to the note. But the court did practically the same thing in hearing defendant's evidence in support of his answer and then directing the jury to return a verdict for plaintiff for the amount of the note and interest less credits.

As that part of defendant's answer on which the case was tried, not being sworn to, the execution of the note stood confessed. There was no plea of payment. The contention is that it was without consideration, but there is no fact set out showing that there was want of consideration. The admitted consideration was certain shares of stock in the Jefferson City Opera House Company, which it is alleged were merely assigned to defendant to be held by him nominally and not really, and that was the contract made at the time of the execution and transfer of said note. It is always in order to plead want of consideration as a defense to the enforcement of a contract. But defendant is not trying to allege want of consideration as such. He does not allege that the said capital stock which was the consideration for the execution of the note was without value, but that he did not receive them except nominally; and that he repudiates their ownership; that it was the understanding at the time that his ownership was to be merely nominal, and that the making of the note was for accommodation purposes only and that he was not to be liable thereon for any amount whatever. This is all against the letter of the contract and does not constitute any defense to the note. The plaintiff was entitled to a judgment on the pleadings, as well as on the pleadings and the evidence.

Affirmed. All concur.